**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

JOSEPH BATRES and )
HEIDI BATRES, )
                                     )
      Plaintiffs, )
                                       )         C.A. No. CPU4-18-002154
      v. )
                                       )
KAREN KNIGHT, )
                                       )
      Defendant. )

Reserved: February 18, 2019
Decided: March 28, 2019

Joseph and Heidi Batres
101 West 13th Street
Wilmington, DE 19801
*Pro Se*

Douglas Shachtman, Esq.
1200 Pennsylvania Ave
Wilmington, DE 19806
*Attorney for Defendants*

**DECISION AFTER TRIAL**

**SMALLS, C.J.**

This is a breach of contract proceeding brought by Joseph Batres and Heidi Batres (hereinafter "Plaintiffs") for payment of proceeds following the sale of a real property. Karen Knight (hereinafter "Defendant") denies liability on the basis that when Plaintiff vacated the property, they left the property in such disrepair that she could not sell the property, or that any sale was contingent upon repair of such damages.

The facts in this proceeding are not very complicated and indicate as follows. The Plaintiffs were residents of a property lease from the Defendant. Defendant brought a Landlord-Tenant Summary Possession proceeding in the Justice of the Peace Court to recover the premises. The Landlord-Tenant proceeding was resolved by the parties entering into a stipulated agreement dated October 17, 2017.

The agreement signed by all parties provided that rent of approximately $4,058.07 is due and any additional amount due as an abatement and reimbursement to the Batres representing renovations for the premises and abatement for conditions. Further, the parties agreed that this resulted in a net credit to the Batres in excess of the Justice of the Peace Court's jurisdiction and no amount was awarded to Defendant. Additionally, the Batres agreed to vacate the premises on or before November 6, 2017, and if they fail to vacate, a judgment of possession shall immediately be entered and a writ issued. Lastly, the parties entered into a separate settlement agreement indicating that the amounts due to the Batres shall be enforceable in a Court of competent jurisdiction. The agreement is signed by all parties.

Relying on this stipulated agreement, the Justice of the Peace Court dismissed the case (JP13-17-010737) with prejudice on November 16, 2017. As a part of the stipulated

1

agreement, the parties agreed that Defendant, owner of the property at 7 Travertime Way Newark, DE 19702, will sell such property. Further, the agreement states "when the property is sold, Defendant agrees to pay Plaintiffs a sum equal to $22,500.00, if the net proceeds of the sale are equal to or greater than that amount; if it is less than $22,5000.00, Plaintiffs agree to accept all of the net proceeds from the sale in satisfaction of this obligation."[1] Additionally the agreement states that the parties relinquish all claims other than enforcement of this agreement against one another.

On May 4, 2018, Plaintiffs filed a complaint against Defendant alleging that she failed to comply with the stipulated agreement. On June 21, 2018, Defendant filed an Answer denying the agreement and claiming that upon the vacancy of tenants, the house was damaged so severe it was not suitable for sale. Further, Defendant claims that Plaintiffs failed to notify her of maintenance issues on the property which resulted in improper repairs. Additionally, Defendant argues Plaintiffs failed to obtain authorization for upgrades made to the property.

Both parties submitted Case Management Worksheets. Plaintiff's worksheet claims the residence was sold on July 10, 2018 for $207,000.00 and demands Defendant pay per the agreement $22,500.00 or all net proceeds. Defendant's worksheet claims Plaintiffs owe over $4,000.00 and are asking for all her net proceeds from the sale of her house with no evidence that they "put that much into the house." Defendant further

---

[1] Attachment to Plaintiff's complaint.

2

argues that after Plaintiffs vacated the house, it took months to fix the damage in order to sell the residence.

On February 4, 2019, counsel for Defendant entered his appearance. On February 18, 2019, trial was held. Defendant testified regarding the agreement between the parties dated October 17, 2017.[2] Defendant further testified that she sold the property at 7 Travertine Way but was unsure of the amount paid. Plaintiff provided a document from *Trulia.com* that showed the property sold for $207,000 on July 17, 2018.[3] After reviewing the document, Defendant testified she believes the property sold for that amount and her profit was approximately $13,000. Defendant testified that she did not pay the Plaintiffs in accordance with the agreement upon the sale of the home.

Defendant admitted into evidence a binder consisting of pictures, receipts, invoices and court documents.[4] Defendant alleges there was substantial damage to the property by testifying to numerous pictures depicting areas of the residence that needed repair. Defendant further testified Plaintiff's resided in her vacant property from 2015 until vacated by JP Court order on October 17, 2017.[5] Once Plaintiff's vacated the property, Defendant inspected the residence with her son-in-law, LaRoy Robinson, who testified to the pictures taken and repairs needed on the property.

Plaintiff's cross-examined Defendant regarding emails sent regarding repairs and maintenance. Defendant testified she did not recall most of the emails. Defendant did

---

[2] Plaintiff's *Exhibit 1*.
[3] Plaintiff's *Exhibit 2*; (admitted for the sole purpose of establishing the sale price of the property).
[4] Defendants *Exhibit 2*.
[5] Defendants' *Exhibit 1*, p. 77.

3

recall an email sent from Plaintiff that forgave two (2) months' rent in exchange for their repairs of the heating, plumbing and electrical issues.[6] Lastly, Plaintiff testified she sent several emails to Defendant regarding repairs and concerns to which she received responses.[7] Plaintiff further testified this was not a normal tenancy, as they had an agreement to fix up the property while residing there and to be compensated under the contract.

## LEGAL STANDARD

During a trial, the Court sits as the trier of fact, therefore, it is the Court's responsibility to assess the credibility of the witnesses and, where there is a conflict in the testimony, to reconcile these conflicts, "if reasonably possible[,] so as to make one harmonious story."[8] In doing so, the Court takes into consideration the demeanor of the witnesses, their apparent fairness in giving their testimony, their opportunities in hearing and knowing the facts about which they testified, and any bias or interest they may have concerning the nature of the case.[9] In civil cases, the Plaintiff bears the burden to prove each element of its claim by a preponderance of the evidence.[10] The party on which the greater weight of the evidence is found is the side on which the preponderance of the evidence exists.[11]

---

[6] Plaintiff's *Exhibit 3*.
[7] Plaintiff's *Exhibit 5*.
[8] *Nat'l Grange Mut. Ins. Co. v. Nelson F. Davis, Jr., et. al.*, 2000 WL 33275030, at *4 (Del. Com. Pl. Feb. 9, 2000).
[9] *See State v. Westfall*, 2008 WL 2855030, at *3 (Del. Com. Pl. Apr. 22, 2008).
[10] *See Reynolds v. Reynolds*, 237 A.2d 708, 711 (Del. 1967).
[11] *See id.*

In order for a plaintiff to prevail on a claim for breach of contract, they must establish by a preponderance of the evidence that: (1) a contract existed between the parties; (2) the defendant breached an obligation imposed by the contract, and (3) the plaintiff suffered damages as a result of the breach.[12] Delaware adheres to the objective theory of contracts, meaning a contract should be viewed in the light of an objective and reasonable third party.[13] "A breach of contract occurs by a party's non-performance, repudiation, or both."[14]

## DISCUSSION

It is undisputed that a contract existed between Plaintiff and Defendant that requires Defendant to pay Plaintiff's $22,500.00 upon the sale of the property or the net proceeds if less than that amount is received. Defense arguments regarding Plaintiff's failing to vacate the property, causing wear and tear damage to the residence and admissions of receipts and invoices is not the issue in this case. There is no provision in the contract which provides for an offset for damages or condition of the property. The contract language is clear without any ambiguity or reservation. Further, the Justice of the Peace Court dismissed the Landlord-Tenant proceeding in reliance on this agreement. Also, Defendant's credibility diminished during her testimony since she was able to recall some emails and not others, though the emails bore the same addresses and

---

[12] *See Gregory v. Frazer*, 2010 WL 4262030, *1 (Del. Com. Pl. Oct. 8, 2010); *VLIW Technology, LLC v. Hewlett-Packard, Co.*, 840 A.2d 606, 612 (Del. 2003).

[13] *See Brace Indus. Contracting, Inc. v. Peterson Enters., Inc.*, 2016 WL 6426398, at *6 (Del. Ch. Oct. 31, 2016).

[14] *Preferred Financial Services, Inc. v. Business Builders for Entrepreneurs, LLC*, 2016 WL 4537759, at *3 (Del. Com. Pl. Aug. 30, 2016) (internal citations omitted).

5

responses. Defendant testified that her net proceeds were approximately $13,000. The contract requires payment of the $22,500.00 or the full amount of the net proceeds from the sale. Therefore, pursuant to the contract, Defendant is required to pay that amount to the Plaintiffs.

ACCORDINGLY, judgment is entered for the Plaintiff's in the amount of $13,000.00, post-judgment interest at the legal rate and costs of the proceedings.

IT IS SO ORDERED.

Alex J. Smalls,
Chief Judge

6